1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ELISE D. KLEIN, SB# 111712
2     E-Mail: Elise.Klein@lewisbrisbois.com
   633 West 5th Street, Suite 4000
3  Los Angeles, California 90071
   Telephone: 213.250.1800
4  Facsimile: 213.250.7900

5  Attorneys for Defendant, PCM, Inc.
   Welfare Benefit Plan

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ST. JOSEPH HOSPITAL OF ORANGE, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCM, INC. WELFARE BENEFIT PLAN; and DOES 1 through 25, inclusive,<br><br>Defendant. | CASE NO. 8:17-cv-00487-JLS-KES<br><br>**DEFENDANT PCM, INC. WELFARE BENEFIT PLAN'S RESPONSE TO THIS COURT'S MAY 31, 2017 ORDER TO SHOW CAUSE AND MOTION TO AMEND NOTICE OF REMOVAL; DECLARATION OF ELISE D. KLEIN IN SUPPORT**<br><br>CRTRM.:   10 – 10th Floor<br>THE HON. Josephine L. Staton<br>DATE:     May 12, 2017<br>TIME:     2:30 P.M. |

Defendant PCM, INC. WELFARE BENEFIT PLAN (the "Plan"), in response to this Court's Order To Show Cause dated May 31, 2017 (the "Order"), states that this case should not be remanded to the Orange County Superior Court because this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1), as well as original jurisdiction under 29 U.S.C. § 1132(a). However, because of the questions raised by this Court in its Order, the Plan, pursuant to 28 U.S.C. § 1653, requests for leave to amend its Notice of Removal for the limited purposes of specifying the parties' respective citizenship for purposes of diversity jurisdiction under 28 U.S.C. §

1332(a)(1), and to supplement the Notice of Removal with a copy of the assignment through which Plaintiff has derivative standing to sue under ERISA.[1]

## I. This Court Has Federal Diversity Jurisdiction.

The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). In its Notice of Removal, the Plan properly alleged that this Court has diversity jurisdiction. While the Plan did not specify facts supporting the diverse citizenship of the parties, the Complaint (Doc. 1-1), the Summary Plan Description ("SPD") filed as Exhibit B to the Notice of Removal (Doc. 1-2), and the Declaration of Elise D. Klein attached to this response make clear that the parties are diverse.

In the Complaint, Plaintiff alleges that it is "a California corporation, with its principal place of business in the County of Orange, in the State of California." (Doc. 1-1, ¶ 2.) While Plaintiff alleges, upon information and belief, that the Plan "is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the city of El Segundo, County of Los Angeles, in the State of California[,]" (*Id.* ¶ 3), the SPD and the Declaration of Ms. Klein demonstrate that the Plan is principally maintained and maintained by PCM in Ohio, with benefits self-funded through a fund and/or trust established and maintained by PCM in Ohio, and, thus, is a citizen of the State of Ohio. (Doc. 1-2, pp. 4, 5 of 119; Klein Decl., ¶ 2.) *See also* 29 U.S.C. § 1132(d)(1) ("Service of summons, subpoena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan."); *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (citizenship of ERISA plan based on citizenship of trustees); *cf.*

---

[1] Undersigned counsel is informed and believes that an assignment exists, but requires additional time to obtain it from her client. (Klein Decl., ¶ 3.)

*Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees.") (citing *Navarro Savings Ass'n,* 446 U.S. at 464).

As the Ninth Circuit has observed, "it is not uncommon for a state court pleading to omit the necessary facts needed to determine diversity." *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 693 (9th Cir. 2005). In making this determination, federal courts are not limited to face of the plaintiff's complaint, but rather, may (and should) "consider the facts disclosed in the record of the case as a whole, in determining the propriety of removal." *Goodbreak, LLC v. Hood by Air, LLC,* 2016 U.S. Dist. LEXIS 4420, *6 (C.D. Cal. Jan. 12, 2016) (quoting 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3734 (4th ed. 2015)). The reason, as this Court has explained, is that "diversity is a concern of federal courts, not state courts[.]" *Id.* (quoting *Harris,* 425 F.3d at 693).

A plaintiff's failure to correctly allege the citizenship of each party "should not defeat removal if Defendant independently knows or learns that information." *Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013). Defendant, through its own research and investigation, discovered the case was removable and, consequently, properly removed the case to this Court. *Compare id.* (allowing removal where defendant discovers basis for doing so through its own research and investigation) *with Harris,* 425 F.3d at 694 (where complaint does not set forth grounds for removal, and Defendant chooses not to do its own research to determine if action is removable, then the action is not removable at that point). Any other conclusion would improperly defeat a defendant's right to remove a case that could have been brought in federal court:

> Fortunately, in practice, the federal courts usually do not limit their inquiry to the face of the plaintiff's complaint, but rather consider the facts disclosed on the record of the case as a whole in determining the propriety of removal. **Section 1446(b) [of 28 U.S.C] makes it clear**

**that this practice is correct.** The passage in the second paragraph of that provision to the effect that a previously unremovable case may be removed by filing a notice of removal within thirty days of receipt of an "amended pleading, motion, order or other paper" from which it first appears that the case is removable demonstrates that any of the referred to papers may be considered in determining the removability of a case, and it has been so held. And there is no reason to believe that Congress intended to permit the district courts to look beyond the complaint in connection with the renewed removal right provided for in the second paragraph of Section 1446 (b) but not during the initial removal period provided for in the final paragraph of that provision.

Moreover, there would be little point in requiring the notice of removal to contain a "short and plain statement" of the grounds for removal, if the federal court could not look to that statement to inform itself of the propriety of removal.

Wright & Arthur R. Miller, *supra, Federal Practice and Procedure* § 3734 (emphasis supplied).

II. <u>**Plaintiff's Claims Are Completely Preempted by ERISA § 502(a).**</u>

Removal was also proper under 29 U.S.C. § 1132(a)(1)(B) (ERISA § 502(a)(1)(B)), which allows "a participant or beneficiary" to file a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 502(a) sets forth a civil enforcement scheme and forecloses and supplants any state law claim that falls within its zone of influence. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). *See also Accord Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for

4813-2364-8074.1

4

DEFENDANT PCM, INC. WELFARE BENEFIT PLAN'S RESPONSE TO THIS COURT'S MAY 31, 2017 ORDER
TO SHOW CAUSE AND MOTION TO AMEND NOTICE OF REMOVAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

purposes of the well-pleaded complaint rule); *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1504 (9th Cir. 1985) ("ERISA preemption extends to state common-law causes of action as well as state regulatory statutes, and claims brought under state-law doctrines that do not explicitly refer to employee benefit plans are nonetheless preempted when the claims arise from the administration of such plans."). Under this "complete preemption" doctrine, "[c]auses of actions that fall within the scope of the civil enforcement provisions of § 502(a) are removable to federal court." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (citation omitted).[2]

In *Davila*, the United States Supreme Court articulated that a putative state law claim is subject to "complete preemption" (and, thus, removable to federal court) if (1) the plaintiff could have brought its claims under ERISA; and (2) the claims are not based on a duty independent of the plaintiff's claim for benefits. 542 U.S. at 209. For example, in *Davila*, two members of ERISA-governed plans asserted state-law claims against managed care companies seeking damages resulting from injuries allegedly sustained as a result of the defendants' decision not to cover treatments recommended by the members' treating physicians. *Id.* at 204-05. The Supreme Court held that the state-law claims were completely preempted by ERISA and, as such, removable to federal court, as the defendants' liability for any damages "would exist here only because of petitioners' administration of ERISA-regulated benefit plans," and, therefore, the defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular rights and obligations established by the benefit plans." *Id.* at 213.

---

[2] A second statute, 29 U.S.C. § 1144(a) (ERISA § 514(a)), which also preempts state law causes of action, is not implicated by this Court's Order to Show Cause. While ERISA § 514(a) (unlike ERISA § 502(a)) does not provide removal jurisdiction, it preempts Plaintiff's state law claims which all relate to the Plan and the patient's right *vel non* to recover benefits under the Plan. For that reason, Plaintiff's claims should be dismissed.

### A. Plaintiff Could Have Brought Its Claims under ERISA § 502(a).

While Plaintiff has styled its claims as a number of state law causes of action, the actual substance of each of those claims is identical: Plaintiff alleges that it provided treatment to the patient enrolled in the Plan, and that the Plan failed to pay the full benefits owed in connection with Plaintiff's services. Each of Plaintiff's claims, therefore, is simply the same garden-variety claim for benefits stated a number of different ways.

To determine whether Plaintiff could have asserted these claims under ERISA § 502(a), this Court must determine whether the Plan is governed by ERISA and, if so, whether Plaintiff has standing to utilize the civil enforcement scheme in ERISA. *Accord Davila*, 542 U.S. at 209. Plaintiff does not dispute that the Plan is governed by ERISA. Nor is there any dispute that Plaintiff has derivative standing to sue under ERISA by virtue of its receipt of a valid assignment from the patient. *See Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.,* 2016 U.S. Dist. LEXIS 162166, *26-27 (C.D. Cal. Nov. 22, 2016) ("A medical provider who has received a valid assignment from a patient may sue the patient's ERISA plan for those benefits.") (citing *Misic v. Building Service Employees Health and Welfare Trust,* 789 F.2d 1374, 1377 (9th Cir. 1986) (*per curiam*).[3]

### B. Plaintiff Does Not Allege Sufficient Facts Showing that Its Claims Are Based on a Duty Independent of the Plan or the Patient's Participant Status.

The fact that the Complaint does not mention an assignment and does not predicate Plaintiff's alleged right to recovery on any assignment does not vitiate removal jurisdiction. In alleging that the Plan improperly paid less than the full amount of its billings, Plaintiff identifies no independent contract, agreement, or

---

[3] *See* note 1, *supra*. Further, the assignment is referenced in the Motion to Dismiss itself, Document 8, page 3, at footnote 1.

obligation apart from obligations owed to the patient under the Plan itself. Plaintiff, for example, does not (and factually cannot) allege the existence of any so-called "silent PPO" scheme by which the Plan allegedly could owe some independent obligation directly to providers as opposed to Plan participants. Rather, Plaintiff simply attempts to premise an independent obligation alleged owed by the Plan based on duties imposed by California law. However, for purposes of *Davila's* complete preemption test, duties imposed by the state law "do not arise independently of ERISA or the plan terms." 542 U.S. at 212.

Stated simply, but for the assignment from the patient, Plaintiff would not have a right to seek (or receive) any reimbursement at all from the Plan. Indeed, the Complaint demonstrates that the Plan's purported "liability would exist here only because of [its] administration of ERISA-regulated benefit plans," and that any alleged liability "derives entirely from the particular rights and obligations established by the benefit plans." *Davila*, 542 U.S. at 213. This unique fact, which was not present in any of the cases raised by Plaintiff in its opposition to the Plan's motion to dismiss, satisfies the two-part *Davila* test sufficient to confer removal jurisdiction under ERISA § 502(a)(1)(B). *Compare Marin General Hosp. v. Modesto & Empire Traction Co.,* 581 F. 3d 941, 948 (9th Cir. 2009) (state law claims for breach of contract, negligent misrepresentation, quantum meruit and estoppel not completely preempted by ERISA where Plaintiff alleged sufficient facts supporting that Plan administrator orally contracted to cover 90% of medical expenses incurred due to Plaintiff's treatment of patient) and *Catholic Healthcare West-Bay Area v. Seafarers Health and Benefits Plan*, 2008 U.S. App. LEXIS 26734 (9th Cir. Nov. 18, 2008) (complete preemption lacking where, unlike here, complaint asserted claims based on a direct contractual relationship that arose between provider and the plan, and misrepresentations allegedly made to the provider by the plan) *with Lodi Mem. Hosp. Ass'n v. Tiger Lines, LLC*, 2015 U.S. Dist. LEXIS 110495, *16 (E.D. Cal. Aug. 20, 2015) ("*Marin General's* holding that

the hospital there had identified grounds apart from ERISA in claiming its entitlement to additional monies therefore has no bearing on the present case where no such independent obligation has been shown.").

### III. The Plan Should Be Permitted to Amend Its Notice of Removal to Address the Court's Questions Regarding Jurisdiction.

In light of this Court's Order to Show Cause, the Plan requests leave to amend its Notice of Removal to specify the citizenship of the parties for purposes of diversity jurisdiction, and to attach (upon undersigned counsel's receipt) a copy of the patient's assignment to the Plaintiff. *See* 28 U.S.C. § 1653 ("[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts"); *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("Amendment [to a notice of removal] may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.") (quoting 16 Moore's *Federal Practice* § 107.30[2][a][iv]); *Emeldi v. Univ. of Or.*, 698 F.3d 715, 723 (9th Cir. 2012) (where district court rejected that defective notice of removal was fatal to federal jurisdiction); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (inviting parties on appeal to file a motion for leave to amend the complaint to correct the deficient allegations of citizenship, where diversity appeared probable). To look strictly to the Complaint, and nothing else, would allow Plaintiff, either intentionally or unintentionally, to defeat Defendant's right to remove a case which in fact meets the diversity jurisdiction requirements simply by mischaracterizing or omitting relevant facts from the pleading. *Accord Lodi Mem. Hosp. Ass'n*, 2015 U.S. Dist. LEXIS 110495, at *13 (considering declarations and other evidence attached to motion to remand in considering whether Plaintiff's claims were completely preempted by ERISA); *Woolard v. Heyer-Schulte*, 791 F. Supp. 294, 295-97 (S.D. Fla. 1992) (defendant seeking to remove action based on diversity of citizenship can

supply elements required to establish federal diversity jurisdiction in its removal papers).

## IV. CONCLUSION

Because this Court has both diversity and original jurisdiction, this case should not be remanded to Orange County Superior Court. Rather, and in accordance with the foregoing, this Court should grant the Plan leave to amend the Notice of Removal to address the Court's questions. Because the Court requested a response within two days of its order, and because the Plan has been unavailable, the Plan requests until June 7, 2017 to provide the Court with a copy of the assignment and any verified statement of citizenship of the Plan the Court may require.

DATED: June 2, 2017                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  /s/Elise D. Klein
     Elise D. Klein
     Attorneys for Defendant, PCM, Inc.
     Welfare Benefit Plan