UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-00487-JLS-KES                                Date: June 14, 2017
Title: St. Joseph Hospital of Orange v. PCM, Inc. Welfare Benefit Plan, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerreo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                          Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING MOTION TO DISMISS AS MOOT (Doc. 8)**

   "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006).  Generally, subject matter jurisdiction is based on the presence of complete diversity between the parties, *see* 28 U.S.C. § 1332, or on the presence of an action arising under federal law, *see* 28 U.S.C. § 1331.

   In its Notice of Removal, PCM, Inc. Welfare Benefit Plan alleged that "Plaintiff's claims against the Plan fall within the scope of ERISA and are completely preempted." (Notice of Removal ¶ 14, Doc. 1.)  But then, in its Motion to Dismiss, Defendant asserted "Complete preemption is a jurisdictional doctrine that is not at issue in this motion to dismiss.  Instead, this motion implicates the substantive defense of conflict preemption . . . ." (Mem. at 7 n.2, Doc. 15.)  As a result, this Court issued an Order to Show Cause why this suit should not be remanded for lack of subject matter jurisdiction.  In response, Plaintiffs provided two bases for jurisdiction, neither of which has merit.  (OSC, Doc. 17.)

   *First*, the Plan claims the parties are completely diverse because "the Plan is principally maintained and maintained by PCM in Ohio, with benefits self-funded through a fund and/or trust established and maintained by PCM in Ohio, and, thus, is a citizen of the State of Ohio." (Response to OSC at 2, Doc. 19.)  But, as the Court noted in its OSC (OSC at 1 n.1), the Supreme Court has recently clarified that a statutory trust, at least when sued in its own name, takes the citizenship of all of its members. *Americold*

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00487-JLS-KES                                    Date: June 14, 2017
Title: St. Joseph Hospital of Orange v. PCM, Inc. Welfare Benefit Plan, et al.

*Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). Thus, the Declaration provided by Defense Counsel (Doc. 19-1) does not establish diversity jurisdiction.

*Second*, the Plan renews its assertion that complete preemption serves as a basis for removal, notwithstanding the Plan's conscious decision not to bring a motion to dismiss based on the doctrine. (Response at 4-8.) To establish complete preemption, the Plan must demonstrate, (1) "a plaintiff seeking to assert a state-law claim 'at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)'" *and* (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947, 949 (9th Cir. 2009) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). The Plan half-heartedly argues that Plaintiff could have brought its claims under § 502(a)(1)(B), but it seems to be conflating *Davila*'s first and second prong: In its Complaint, the Hospital advances claims for (1) breach of an implied-in-fact contract, (2) quantum merit, (3) open book account, (4) promissory estoppel, and (5) estoppel. (Compl. ¶¶ 98-150.) *See Marin Gen. Hosp.*, 581 F.3d at 947 (finding that a hospital's complaint for breach of an implied contract, breach of an oral contract, negligent misrepresentation, quantum meruit, and estoppel was not completely preempted). Even if these claims are meritless or subject to a conflict preemption defense, complete preemption would not provide a basis for jurisdiction here because all of its claims are premised on the Hospital's alleged relationship with the Plan, not what was owed to the patient under the ERISA policy. *See id.* at 948. Although the Plan references an assignment of the patient's claims that the Hospital secured, unless and until the Hospital seeks to bring a claim based on the assignment, this agreement does not provide a basis for jurisdiction. *See Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999) ("[W]e find no basis to conclude that the mere fact of assignment converts the Providers' claims into claims to recover benefits under the terms of an ERISA plan."); *Marin Gen. Hosp.*, 581 F.3d at 947-48 (affirming that *Blue Cross*'s reasoning is consistent with *Davila*'s first prong).

If this were a mere procedural defect that was waived by Plaintiff's Counsel, the Court would allow Defense Counsel to amend the Notice of Removal. But there was—

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00487-JLS-KES                                  Date: June 14, 2017
Title: St. Joseph Hospital of Orange v. PCM, Inc. Welfare Benefit Plan, et al.

and still is—no jurisdictional basis for removing this Case. Accordingly, the Court hereby REMANDS this Case to the Orange County Superior Court, Case No. 30-02016-00894580-CU-BC-CJC. Plaintiff's Motion to Dismiss (Doc. 8) is DENIED AS MOOT.

Initials of Preparer: tg_